**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STEVE DULA, SR.<br> and JOANN DULA | : | |
| | : | |
| Plaintiffs | | |
| v | : | Civil Action No. L-06-3450 |
| | | |
| CIRCUIT COURT OF MARYLAND FOR<br>DORCHESTER COUNTY,<br>THE HONORABLE BRETT W. WILSON,<br>MICHAEL L. BAKER, and<br>DOUGLAS F. GANSLER | :<br><br>: | |
| Defendants | : | |

## **MEMORANDUM**

In this 42 U.S.C. § 1983 case, pro se Plaintiffs Steve and Joann Dula ("Plaintiffs") allege that a default judgment that the Circuit Court for Dorchester County, Maryland ("State Circuit Court") entered against them deprived them of their right to a jury trial as guaranteed by the Seventh Amendment of the United States Constitution. Plaintiffs sue the following defendants: (i) the Circuit Court for Dorchester County, Maryland, (ii) the Honorable Brett W. Wilson, the judge who entered the default judgment, (iii) Michael L. Baker, the Clerk of the Circuit Court for Dorchester County, and (iv) Douglas F. Gansler, the Maryland Attorney General. Plaintiffs ask this Court to (i) enjoin the default judgment pending the outcome of the instant litigation[1] and (ii) to direct the State Circuit Court to (a) vacate the default judgment and (b) schedule a jury trial. For the following reasons, the Court will, by separate Order, DISMISS the Complaint sua sponte.

---

[1] The Anti-Injunction Act prohibits this Court from enjoining proceedings in state court. 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

**I.     Analysis**

Construing Plaintiffs' Complaint liberally, it appears that Plaintiffs assert two distinct counts.  First, they claim that Rule 3-421(h) of the Maryland Rules of Civil Procedure, which allows a judge to enter a default judgment as a sanction for failing to respond to discovery requests, violates the Seventh Amendment right to a jury trial.  Second, they challenge the State Circuit Court's decision to enter a default judgment against them based on their failure to respond to discovery.

**A.     First Count**

The Court will dismiss the first count for failure to state a claim.  Rule 3-421(h) of the Maryland Rules of Civil Procedure applies only to state court proceedings, which are not governed by the Seventh Amendment.  Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 418 (1996) (stating that the Seventh Amendment "governs proceedings in federal court, but not in state court"); Consumer Protection Div. v. Morgan, 874 A.2d 919, 956-57 (Md. 2005) (stating that the "Seventh Amendment does not apply to the states" and that the "right to a jury trial in Maryland is provided for in the Maryland Constitution").  Accordingly, the Seventh Amendment is not implicated when a state court enters a default judgment under Rule 3-421(h).

**B.     Second Count**

This Court lacks subject matter jurisdiction over the second count, pursuant to the Rooker-Feldman doctrine.  Under that doctrine, federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 US. 462, 486 (1983).  If Plaintiffs

contend that the state court ruling is unconstitutional or they are otherwise dissatisfied with the outcome of their state case, their recourse is to file an appeal with the Maryland appellate court. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) ("[L]ower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court.").

**II.     Conclusion**

For these reasons, the Court will, by separate Order, DISMISS the Complaint and DIRECT the Clerk to CLOSE the case.

Dated this 22nd day of January, 2007.

                                                                    _____/s/_____
                                                                    Benson Everett Legg
                                                                    Chief Judge